IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VICTORIA BRINSON,

    Plaintiff,

v.

ATL FOOD GROUP, LLC, DBA VVS
RESTAURANT,

    Defendant

Civil Action No.


JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Victoria Brinson ("Plaintiff"), by and through her undersigned counsel, and files this, her Complaint for Damages against Defendant ATL Food Group, LLC dba VVS Restaurant and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant has been qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Alre Alston, 2221 Peachtree Rd., NE, Suite D-559, Atlanta, Georgia 30309.

**ADMINISTRATIVE PROCEDURES**

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. Pursuant to an arbitration agreement with Defendant, Plaintiff timely filed an arbitration for her claims within ninety (90) days of receipt of the "Notice of Right to Sue." However, Defendant failed to respond to the arbitration and failed to make payment to the arbitration company, Henning. Due to Defendant's failure to respond to the arbitration and make its required payment, Henning closed the arbitration. Given Defendant's failure to proceed with arbitration, the arbitration agreement is null and void. Plaintiff now files this action, within days of receiving notice from Henning that the arbitration has been closed based on Defendant's failure to participate and make a required payment to Henning.

**FACTS**

8.

Plaintiff was hired by Defendant as a server at Defendant's restaurant, on or about February 20, 2022.

9.

In late November 2022, Plaintiff learned she was pregnant.

10.

Until March 4, 2023, Plaintiff's managers knew Plaintiff was pregnant, but Defendant's owner, Alre Alston, did not.

11.

On March 4, 2023, Alston came to the place where Plaintiff worked. Plaintiff was visibly pregnant at this point, and Alston saw this. When Alston noticed Plaintiff, he looked at her quizzically and then went into the office and talked to Alvin Simms, Defendant's General Manager. At the end of Plaintiff's shift, Sims told Plaintiff that she was being taken off the schedule. Sims told Plaintiff that Alston told him to take Plaintiff off the floor immediately because she was pregnant. Plaintiff asked if she could work Sunday or Monday, and Sims said no because Alston told him not to let Plaintiff work. Sims told Plaintiff that Human Resources would call Plaintiff to find another position, or to make Plaintiff take a leave of absence.

12.

The next week, Plaintiff saw that she was still on the schedule. Thus, on Wednesday, March 8, 2023, Plaintiff texted Sims and asked him if "[D]id Big Al have a change of heart about me being pregnant or is this a mistake?" Sims texted Plaintiff back stating, "mistake."

13.

On March 9, 2022, Plaintiff emailed Human Resources and reported that she was discriminated against and taken off of the schedule because of her pregnancy. No action was taken.

14.

Defendant terminated Plaintiff's employment because of her pregnancy. As a result of Defendants' actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNTS
## COUNT ONE: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

15.

Plaintiff re-alleges paragraphs 8-15 as if fully set forth herein.

16.

In March 2022, Plaintiff was pregnant.

17.

Defendant terminated Plaintiff's employment because of her pregnancy.

18.

In terminating Plaintiff's employment for this reasons, Defendant violated Title VII.

19.

Any other reason Defendant attempts to provide as a legitimate non-discriminatory reasons for Plaintiff's termination is pretext for discrimination.

20.

Defendant treated other employees outside Plaintiff's protected class differently.

21.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination under Title VII.

22.

Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's discrimination against Plaintiff was undertaken in bad faith.

23.

The effect of the conduct complained of herein has been to deprive Plainitff of equal employment opportunity and has otherwise adversely affected her status as an employee because of their disability.

24.

As a direct and proximate result Defendant's violation of the Title VII, Plaintiff has been made the victim of acts that have adversely affected their psychological and physical well-being.

25.

Pursuant to Title VII, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, punitive and compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under Title VII.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

7

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

This 3rd day of January, 2024.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*

V. Severin Roberts
Georgia Bar No. 940504

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com